PAPER ALLIED–INDUSTRIAL CHEMICAL and Energy Workers International Union Local 8–0369 AFL–CIO, fka Local Union I–369 Oil Chemical and Atomic Workers International Union AFL–CIO; Local Union I–369 Oil Chemical and Atomic Workers International Union AFL–CIO, Plaintiffs—Appellees,

v.

SANDVIK SPECIAL METALS CORPORATION, Defendant—Appellant.

No. 03–35930.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2005.

Decided May 18, 2005.

Kenneth J. Pedersen, Esq., Todd A. Lyon, Esq., Davies, Roberts & Reid, Seattle, WA, for Plaintiffs–Appellees.

Stephen T. Osborne, Esq., Rettig, Osborne, Forgette, O'Donnell, Iller & Adamson LLP, Kennewick, WA, Leslie M. Mitchell, Law of Office of Leslie Mitchell, Sacramento, CA, for Defendant–Appellant.

Before: CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Sandvik Special Metals Corporation ("the Company") fired employee Scot Jackson for harassing co-worker Wayne Lewis and subsequently lying about it during the Company's internal investigation. The Paper Allied–Industrial, Chemical and Energy Workers International Union, Local 8–0369, pursued a grievance on Jackson's behalf, and the arbitrator ordered the reinstatement of Jackson because the Company lacked "proper cause" to terminate his employment. The Company filed a motion to vacate the arbitration award on the grounds that (1) the award violates the public policy of encouraging harassment victims to come forward, and (2) the arbitrator did not explicitly find that Jack-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

son was amenable to lesser discipline and therefore unlikely to continue harassing co-workers. We affirm the district court's denial of the motion to vacate.[1]

■ We generally regard an arbitrator's interpretation of a collective bargaining agreement as the final word on the meaning of the contract "because both employer and union have granted to the arbitrator the authority to interpret the meaning of their contract's language, including such words as 'just cause.'" *E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 61, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000). The extremely narrow "public policy" exception to this general rule does not apply because the arbitrator's decision to order Jackson's reinstatement does not violate an "explicit, well defined, and dominant" public policy. *Id.*, 531 U.S. at 62, 121 S.Ct. 462 (internal quotation marks omitted). Although strong public policy supports the prevention and reporting of harassment in the work force, no law, regulation, or precedent requires the Company to fire Jackson, without progressive discipline, for one allegation of harassment. *See Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1212 (9th Cir.1989) (en banc) ("If a court relies on public policy to vacate an arbitral award reinstating an employee, it must be a policy that bars *reinstatement.*") (emphasis in original). Consequently, it cannot be argued that the arbitrator lacked authority to reinstate Jackson after his first offense and an 18–month suspension.

■ This circuit has not established a rule requiring a finding of amenability to lesser discipline as a predicate to an award of reinstatement. *See id.* at 1213. Even if the circuit so required, the arbitrator implicitly (if not explicitly) found that Jackson's behavior was correctable and that progressive discipline was appropriate.

AFFIRMED. The motion for attorneys' fees is DENIED.

---

1. We review de novo the confirmation of an arbitration award. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947–48, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *Poweragent, Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir.2004) (noting review of the award is "both limited and highly deferential") (internal quotation marks omitted).

We defer to a labor arbitrator's award "as long as the arbitrator even arguably constru[ed] or appl[ied] the contract." *Teamsters Local Union 58 v. Boc Gases*, 249 F.3d 1089, 1093 (9th Cir.2001) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987)) (alterations in *Teamsters* ).